
FILED
July 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002773664

**LAW OFFICES OF JOHN M. O'DONNELL**
John M. O'Donnell (CA Bar Assn. No. 142906)
915 University Avenue
Sacramento, CA 95825   Telephone: (916) 563-7744

Attorneys for Debtor GREGORY WILLIAM COSTO

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| GREGORY WILLIAM COSTO,<br><br>　　　　Debtor. | CASE NO. 10-20262-C-7<br><br>Motion No. JMO-3<br><br>DATE:　August 3, 2010<br>TIME:　9:30 a.m.<br>DEPT:　C<br>CTRM:　35<br>Hon. Christopher M. Klein<br>**LOCAL RULE 9014-1(f)(2)** |

**MOTION TO COMPEL ABANDONMENT OF REAL PROPERTY**
**[11 U.S.C. Sec. 544(b)]**

Debtor GREGORY WILLIAM COSTO (hereinafter "Debtor") respectfully submits this Motion to Compel Abandonment of Real Property in the pending Chapter 7 proceeding of GREGORY WILLIAM COSTO as follows:

1.　The Debtor commenced the above captioned Chapter 7 proceeding on January 6, 2010.

2.　One of the assets of the estate is real property located at 2207 Walden View Lane, Lincoln, California (hereinafter "Property").

3.　The Property is worth approximately $450,000.00-$500,000.00. See the Declaration of Gregory Costo in Support of Motion to Compel Abandonment of Real Property which is filed and served herewith, and see the Debtor's Schedule A of Real Property filed upon commencement of this case.

-1-

4. The Property is subject to a first priority deed of trust in the amount of $556,525.00 in favor of US Bank and a second priority deed of trust in the amount of $151,477.00 in favor of Bank of America. In total, the liens against the Property exceed $667,000,00. See the Declaration of Gregory Costo in Support of Motion to Compel Abandonment of Real Property which is filed and served herewith, and see the Debtor's Schedule D of secured creditors filed upon commencement of this case.

5. Prior to commencement of the above captioned Chapter 7 proceeding, the Debtor was in the process of conducting and finalizing a "short sale" pursuant to which the lenders on the Property had agreed to a sale of the Property for an amount less than the amount owed on the deed of trust. The lenders are currently negotiating the terms of a "short sale" of the Property.

6. Escrow is open on the short sale. However, the lenders have stated that they must receive an order from the bankruptcy court abandoning the property before they will commit to a short sale and the terms thereof. The lenders require an appropriate court order authorizing the short sale to close. The only money to come out of escrow from the short sale is to pay real estate commissions and escrow costs, with the entire remainder being disbursed to the lenders holding the first and second priority deeds of trust.

7. Out of the short sale, the Debtor is to receive absolutely no monetary benefit whatsoever other than avoiding having a foreclosure on his credit report and that of his wife. There is to be no monetary distribution whatsoever from the escrow or otherwise to the Debtor or his wife from the escrow approved by the lender for the short sale of the Property.

8. There is no available equity in the Property to benefit the estate in any way.

9. The Property is burdensome to the estate.

10. The Property is of inconsequential benefit or value to the estate.

11. The Debtor respectfully requests the court to enter an order compelling the Trustee to abandon the Property from the Estate for the sole purpose of concluding the short sale which the Debtor had almost completed prior to commencement of this case. Other than avoiding a foreclosure on his credit record, the Debtor will receive no monetary benefit or distribution from the escrow. The only amounts to be paid out of escrow will go to pay real estate

commissions and costs of escrow, with the entire remainder being paid to the first and second priority lenders on the Property.

WHEREFORE, the Debtor respectfully requests the court to enter an order compelling the Trustee to abandon the Property from the Estate pursuant to the provisions of 11 U.S.C. Sec. 554(b).

Dated: July 12, 2010                                          LAW OFFICES OF JOHN M. O'DONNELL

By /s/ John M. O'Donnell
JOHN M. O'DONNELL
Attorney for Debtor GREGORY WILLIAM COSTO